PER CURIAM.
This proceeding was commenced by E.H. and S.H., paternal grandparents of a juvenile, against his natural father T.K.M., Sr. The petition alleged that the juvenile was under substantial risk, imminent harm and/or abused or neglected. The natural father filed a denial. A status conference precipitated a mediation agreement with expanded visitation. Almost a year later petitioners filed a voluntary dismissal of the petition requesting that the court retain jurisdiction to enforce the mediation agreement which contained expanded visitation rights. The court thereafter entered an order dismissing the petition, retaining jurisdiction to enforce the mediation and expanded visitation rights. The natural father filed a notice of appeal to this Court.
When we examined the case we concluded it was nothing more than father representing himself. As a consequence we required the appointment of an attorney ad litem to represent the juvenile, T.K.M., Jr. The appellant points to Florida Rule of Juvenile Procedure 8.310(e) which in part provides:
VOLUNTARY DISMISSAL. The petitioner without leave of court, at any time prior to entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice requesting dismissal on all parties, or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 72 hours.
The petitioners, appellees, having voluntarily dismissed the petition, we can only conclude that the plain language of the rule automatically divested the court of jurisdiction after the specified time had elapsed. Consequently, the retention of jurisdiction must be stricken from the court’s last order.
Appellees assert that the mediation agreement constituted a contract over which the court had the right to retain jurisdiction for enforcement purposes. Without determining whether such a contract exists or not, we nonetheless agree with appellant. If contractual provisions are violated, either party may bring an independent action to enforce the contract, in which case the trial judge may determine to transfer the matter back to the *671 juvenile court. In the alternative, the petitioners are not foreclosed from filing a new dependency action pursuant to Chapter 39, Florida Statutes.
For the foregoing reasons, that portion of the order which retains jurisdiction must, on issuance of the mandate, be stricken.
It is so ordered.